1  Michael Dewayne Outley jr. #345104
2  ASP-RRCC (Red Rock)
3  1752 E. Arica Rd
4  Eloy, Az 85131
5  (PRO-SE)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| Michael Dewayne Outley jr, | CV-19-00019-PHX-JAT-(JFM) |
|---|---|
| Plaintiff, | (original Complaint also) |
| VS | MOTION FOR PRELIMINARY INJUNCTION |
| Sylvia Moir, et al., | |
| Defendants. | |

Plaintiff in propria persona hereby lodges the hereinabove mentioned motion for the hereinbelow stated reasons & authorities.

This propounded motion for an injunction is being filed against the Arizona Department of Corrections "ADC" & it's partner facility Red Rock Correctional Center "ASP-RRCC", for the irrational & arbitrary denial of Plaintiff's right to posses legal photo's; which is very vital to

1

Plaintiff's ability to litigate the instant litigation.

FACTORS TO SUPPORT INJUNCTION

A.

1) Irreparable Harm: Plaintiff not being permitted to obtain his photo's of no threat to "ADC"/"Red Rock" facilities, is unquestionably going to interfer & will cause Plaintiff to not be able to litigate without undue interference, but will cause Plaintiff to not be able to meet deadlines. [Winter V. Natural Resources Defense Council, Inc. 129 S.Ct. at 375; Elrod V. Burns, 427 U.S. 347, 373, 96 S.Ct. 2673 (1976); American Trucking Associations, Inc. V. City of Los Angeles, 559 F.3d 1046, 1058-59 (9th Cir. 2009)].

2) Balance of Hardships: Plaintiff's intrest in being able litigate minus a severe interference outweighs "ADC"/"Red Rock" intrest of dislike. "ADC/ "Red Rock" will suffer in no way at all as the photo's in question pose

no threat at all (photo's of crashed vehicle's). Plaintiff will elaborate here below in the [Turner V. Safely] argument.

3) Succeeding on the merits: Plaintiff was successful in his Criminal litigation against Counts of Aggravated Assault on officers. Plaintiff has video, photo, & audio evidence to support his claims of excessive force. Plaintiff has documents clearly demonstrating 1) Tempe Police Officers violated internal police policies of use of vehicle to apprehend a suspect; 2) no authorization was given to apply the "Vehicle Containment Technique"; & 3) no officer was AZPOST Certified to utilize the "Vehicle Containment Technique". Also Plaintiff has an Expert Accident Reconstructionist, whom has conducted months long investigation in which unequivocally shows Plaintiff did not crash the involved Defendant Tempe Police Officers.

The authority of this circuit states: "Plaintiff must show either (1) a likelihood of success on the merits & the possibility or Irreparable Harm or (2) the existence of serious questions going to the merits & balance of hardships tipping in [his] favor." [Warsoldier V. Woodford, 418 F.3d 989, 993-94 (9th Cir. 2005)]. Plaintiff asserts the higher standard is met, but if not the lower standard should be applied & is met unquestionably.

4) Public Intrest: Plaintiff proffers, "it's always in the public Intrest for government officials, including prison personnel, to obey the Constitution & other laws." [Howard V. U.S., 864 F.Supp. 1019, 1029 (D.Colo. 1994)] "Enforcement of [Constitutional] rights is clearly very much in the public intrest." Being the intrest to litigate is is one assured to all not a private intrest the Court should grant this motion.

Plaintiff hereby asserts, this injunction is being sought on an unjustified "broad prohibition of Plaintiff's photo's in which pose not a single threat to the safety & security of "ADC"/"Red Rock" facilities." This belief is supported by an out of circuit case, [Jones V. Caruso, 569 F.3d 258, 278-79 (6th Cir. 2009)]" affirming an injunction against broad prohibition of material related to Uniform Commercial Code." In the instant matter Plaintiff asserts he is being denied all of his evidence photo's in a blanket manner not even limited to officers, or gruesomness, drugs, or guns, Plaintiff is being denied All photo's related to his current suit.

B.   TURNER ARGUMENT

1) This policy Plaintiff is being subjected to is arbitrary & irrational, that has no "valid, rational connection" to government

5

intrest. Plaintiff believes this assertion will be more than supported by the instant briefing by so will show this censorship & suppression of [his] photo's is unconditional [Shaw V. Murphy, 532 U.S. 223, 229-30, 121 S.Ct. 1475 (2001); Canadian Coalition against the Death Penalty V. Ryan, 269 F.Supp.2d 1199, 1203 (D.Ariz. 2003)]. "ADC"/"Red Rock" facilities ~~permits~~ permits photo's of crashed vehicles so to deny Plaintiff photo's of crashed vehicles in [his] instant litigation is arbitrary, to apply a blanket ban on all of Plaintiff's evidence photo's.

2) The alternative means are inadequate substantially. For perspective "ADC."/"Red Rock" expects me to only review my photo's at their convience, yet Plaintiff would be in "ADC"/Red Rock" custody from September 17th, 2020 till October 28th, 2020 with no access to any to

6

any of his legal material. Futhermore, there's no sufficient alternative due to Plaintiff is not permitted to have any photo's that are part of his current litigation. Per "ADC"/"Red Rock" staff "even if photo's are provided by Defendant's, they will be removed from my legal mail." Plaintiff will futher be prejudiced due to he will not be allowed to support his claims nor will he be able to present factual evidence to support his claims or support any future motions or summary judgement etc.

3) To accommodate the Plaintiff will not have any "ripple effect" on the Prison operations, due to "ADC"/"Red Rock" screen Plaintiff's photo's & there's no way any prohibited photo's will enter the prison & staff screen all legal mail & photo's regardless there's no extra duties than already being done.

7

4) There is "obvisous, easy alternatives" which clearly invalidate this "ADC"/"Red Rock" policy of denying Plaintiff "any" photo's that are related to the instant litigation. The most obvisous & being applied is screen the photo's & one's that do not comport to "ADC"/"Red Rock" rules remove them, it's no more than "de minimis cost". [Turner, 482 U.S. at 90-91; see Turner, id at 98](permitting women inmates to marry would be easy for prison officials) just as it is not only easy, but what "ADC"/"Red Rock" facilities already do – search to screen the photo's.

C. Mitigating Efforts.

Plaintiff attempted multiple avenues to get redress for this irrational, abitrary ~~____~~ policy. Plaintiff spoke to his CO III, he spoke to "Red Rock's" property staff, & even wrote an informal

8

1
2  Resolution attempt. Plaintiff also raised this concern with the
3
4  Defendant's all avenues were fruitless.
5
6  D.        CONCLUSION
7
8      Plaintiff if not permitted to obtain & posses [his] photo's that
9
10 are vital to the current litigation not only will [he] be prejudiced
11
12 by being delayed & unjustifiedly interfered, but Plaintiff's
13
14 case will be hindered. This relief being sought is not going to
15
16 adversely affect "ADC"/"Red Rock" prison or staff. Therefore, Plaintiff
17
18 respectfully request [his] relief being sought be granted.
19
20 RESPECTFULLY SUBMITTED this 9TH day of January, 2021
21
22
23
24         [signature on next page]
25
26
27
28
                              9

Mailed to:
United States District Court's your Honor

By /s/ Michael
Michael Dewayne Outley jr. #345104
PRO-SE
ASP-RRCC (Red Rock) G-A-12-2
1752 E. Arica Rd
Eloy, AZ 85131
1-9-21