WO                                                                                                              MW

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Dewayne Outley, Jr., | No. CV-19-00019-PHX-JAT (JFM) |
| Plaintiff, | |
| vs. | **ORDER** |
| Charles L. Ryan, et al., | |
| Defendants. | |

Plaintiff Michael Dewayne Outley, Jr., who is confined in the CoreCivic Red Rock Correctional Center ("RRCC") in Eloy, Arizona, has filed a Motion for Preliminary Injunction (Doc. 69) and Motion for Protective Order (Doc. 71). As follows, Plaintiff's Motions will be denied.

**I.     Background**

Plaintiff brought this civil rights action pursuant to 42 U.S.C. § 1983 on January 2, 2019. On January 31, 2019, he filed a First Amended Complaint (Doc. 12) in which he asserts, in part, claims of excessive force, inadequate medical care, and invasion of privacy against Defendants City of Tempe, Tempe Police Department Chief Sylvia Moir, Tempe Police Department Public Liaison Jane/John Doe, and Tempe Police Officers Joseph Kracjer, Joseph Rowan, Tyler Robinson, and Daniel Gaughan.[1]

In a September 24, 2019 Order (Doc. 23), the Court stayed this case pending resolution of Plaintiff's criminal proceedings in Maricopa County Superior Court, Case

---

[1] Plaintiff later filed a Motion to Amend (Doc. 50) and lodged a Second Amended Complaint (Doc. 51), which are currently under advisement.

- 1 -

1  No. #CR2019-001937.  Following Plaintiff's conviction and sentencing in that case, in
2  September 2020, the Court lifted the stay in this action and called for an answer to the First
3  Amended Complaint.  (Doc. 30.)  Plaintiff's instant motions for a preliminary injunction
4  and a protective order followed.

5  **II.    Motions**

6  Plaintiff alleges that following his transfer from the Maricopa County Jail to RRCC,
7  he had over 200 photos, as well as video and audio materials that were stored as inmate
8  property.   On October 27, 2020, Plaintiff submitted an Inmate Informal Complaint
9  Resolution requesting access to "all [his] discovery photo, video, [and] aud[]io," and to
10 have a portable DVD player to review the materials. (Doc. 71 at 10.)  A November 4, 2020
11 response stated that the items would be stored in property and Plaintiff should "set up a
12 date and time with [his] COIII and [he would] have access to these items in the law library."
13 (*Id.* at 12.)

14 On November 5, 2020, Plaintiff submitted an Inmate Grievance stating that his lack
15 of "unfettered access to not just [his] photos, but video [and] audio discovery" would
16 "unequivocally . . . cause [him] severe delays."   (Doc. 71 at 14-15.)   He requested
17 authorization to retain a device to review "all [his] audio/video evidence" and to have daily
18 access to a device.  (*Id.*)  A November 16, 2020 response stated:

19  > A DVD player w[ould] not be provided to [Plaintiff].  This
20  > applies to all inmates.  Per the change notice effective
21  > 10/12/2020, legal documents that are sent in for viewing on
>    DVDs, CDs, or flash drives may be viewed on a computer in
>    one of the two Libraries.  Property staff will notify [Plaintiff]
22  > in writing when they receive the item. [Plaintiff] may then
>    submit an inmate letter to the Property room requesting to view
23  > the content.  The Library Aide will schedule an appointment in
>    the Library that is consistent with [Plaintiff's] housing
>    compound.  Once the content is viewed, the device will be
24  > returned back to the Property room.

25 (*Id.* at 17-18.)

26 In December 2020, Plaintiff submitted several inmate letters concerning receiving,
27 screening, accessing, and copying legal mail.  (Doc. 71 at 22-25.)  In response, Plaintiff
28 was advised that his investigator report would be treated as legal mail, but his CDs would

not be treated as privileged and would be released to Plaintiff if cleared on screening for potential contraband. (*Id.* at 27.)

On January 14, 2021, Plaintiff submitted a Request/Authorization for Qualified Legal Copying, requesting four copies of his Motion for Protective Order. (Doc. 71 at 31.) A reviewing paralegal found the copies were for a "non-qualified personal lawsuit," and on that basis, the request was denied. (*Id.*) The same day, Plaintiff submitted an inmate letter stating that the denial of legal copies was "preventing [him] from seeking relief from the abusive, oppressive, frustrating, impeding, [and] unlawful practices being implement[ed]." (*Id.* at 32.) He requested "relief in the form of making copies of all documents being submitted in connection with [his] civil suit: No. CV-19-00019-PHX-JAT (JFM)." (*Id.*)

In the instant motions, Plaintiff maintains that he "is enduring a severe level of frustration, annoyance, impediment, [and] irr[i]tation[] in relation to pursuing [and] litigating [this] matter." (Doc. 71 at 1.) Plaintiff claims the Arizona Department of Corrections ("ADC") and RRCC have irrationally and arbitrarily withheld his photos and other materials "in a blanket matter" without screening and releasing items that are allowed by prison policy. (Doc. 69 at 5.) Plaintiff states that his photos are "very vital to [his] ability to litigate the instant litigation," and without them, he will not be able to meet deadlines, write and respond to future motions, or otherwise "present factual evidence to support his claims." (*Id.* at 1-2, 7.) His inability to access his video and audio materials, or a device to review them, is also interfering with his preparation of discovery requests. He further argues that being afforded only "one opportunity a week to make copies is not reasonable" and is "impeding [and] frustrating Plaintiff's current litigation." (Doc. 71 at 5.)

Plaintiff asks the Court to issue an injunction or a protective order requiring ADC and RRCC to allow him to have: (1) any photos that comport with ADC and RRCC policy; (2) any video or audio CDs sent from the City of Tempe or Plaintiff's expert accident reconstructionist; (3) a DVD player, or in the alternative, access to "a DVD player in a

room ensuring privacy when its available, but no less than once weekly for up to 3 hours;" and (4) access to copying three times a week, with copies provided the same day. (*Id.* at 33-34.)

### A.     Preliminary Injunction

A plaintiff seeking a preliminary injunction under Rule 65 of the Federal Rules of Civil Procedure must show that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). "[I]f a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

Where a plaintiff seeks a mandatory injunction, rather than a prohibitory injunction, injunctive relief is "subject to a higher standard" and is "permissible when 'extreme or very serious damage will result' that is not 'capable of compensation in damages,' and the merits of the case are not 'doubtful.'" *Hernandez v. Sessions,* 872 F.3d 976, 999 (9th Cir. 2017) (quoting *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009)). Further, under the Prison Litigation Reform Act, injunctive relief, prohibitory or mandatory, must be narrowly drawn and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2); *see Gilmore v. People of the State of Cal.*, 220 F.3d 987, 999 (9th Cir. 2000).

First, the Court lacks authority to order the injunctive relief requested because ADC and RRCC are not parties to this case nor are alleged to have acted in concert with any enjoined defendant. *See* Fed. R. Civ. P. 65(d)(2) (a preliminary injunction binds only parties, their officers, agents, servants, employees, attorneys, and "other persons who are in active concert or participation" with an enjoined party who receive actual notice); *see*

*also Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1985) (a federal court "may not attempt to determine the rights of persons not before the court"); *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969).

Plaintiff has also not shown there is a likelihood of success on, or serious questions going to, the merits of his access-to-courts claims, or that he is likely to suffer irreparable harm in the absence of injunctive relief.[2] The right of meaningful access to the courts protects "the opportunity to prepare, serve and file whatever pleadings or other documents are necessary or appropriate in order to commence or prosecute court proceedings affecting one's personal liberty," *Lewis v. Casey*, 518 U.S. 343, 384 (1996) (Thomas, J., concurring) (quotation omitted), such as those challenging criminal sentences or conditions of confinement, *id.* at 356. To maintain an access-to-courts claim, a prisoner must submit evidence showing an "actual injury," in that the alleged deprivation hindered, or is hindering, his efforts to pursue a legal claim. *Id.* at 351.

Here, Plaintiff does not explain why his photos, videos, and audio recordings are "vital" to litigating the claims in this case or show that these materials are relevant to any claim challenging his prison conditions or criminal sentence. *See Lewis*, 518 U.S. at 351, 355 (the right of "meaningful access to the courts" requires inmates have the tools they "need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement"; "[i]mpairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."). Similarly, Plaintiff fails to allege any specific instance in which his ability to engage in discovery, meet case deadlines, or file any motion has been or will be prejudiced by his limited ability to access materials or photocopying. Indeed, the docket and the documents filed in this case indicate the contrary.

In short, Plaintiff's generalized claim that unrestricted access to all his materials is necessary to litigate this case is insufficient to show that in the absence of injunctive relief,

---

[2] Where a request for preliminary injunction relates to the movant's access to the court, a nexus between the injunction and the underlying merits of the case is generally not required. *See Diamontiney v. Borg*, 918 F.2d 793, 796 (9th Cir. 1990).

1 he has or will suffer an actual injury, or that his proposed remedy is tailored to address any
2 alleged harm.  *See Lewis*, 518 U.S. at 351; *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)
3 (a movant must provide "substantial proof" to demonstrate entitlement to a preliminary
4 injunction); *see also* 18 U.S.C. § 3626(a)(2); *Gilmore*, 220 F.3d at 999.  Plaintiff's Motion
5 for Preliminary Injunction will therefore be denied.

### B. Protective Order

Plaintiff also fails to establish that he is entitled to a protective order.  First, Rule 26(c) of the Federal Rules of Civil Procedure–the rule governing protective orders–does not provide a pathway to the requested relief.  Rule 26(c) operates to limit and protect the disclosure of certain materials in the course of discovery; it is not an avenue for compelling the disclosure of material when a person feels annoyed or oppressed by having to request it.  *See Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016); *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999).

Second, insofar as he seeks to compel the release of materials from nonparties ADC and RRCC, Plaintiff has not subpoenaed them for these materials, and therefore has not made them subject to discovery in this case.  *See* Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection").  Nor has Plaintiff met the threshold for warranting Court intervention in such a discovery dispute.  Plaintiff does not allege that his requests for "discovery" materials have gone unanswered or show that he has been denied an opportunity to inspect his materials.  *See* Fed. R. Civ. P. 34, 37(a)(1), (3)(B)(iv).

Accordingly, Plaintiff fails to demonstrate that he is entitled to a preliminary injunction or a protective order, and his motions will be denied.

. . . .

. . . .

. . . .

. . . .

. . . .

1    **IT IS ORDERED** that the reference to the Magistrate Judge is **withdrawn** as to
2 Plaintiff's Motion for Preliminary Injunction (Doc. 69) and Motion for Protective Order
3 (Doc. 71), and the Motions are **denied**.
4    Dated this 15th day of April, 2021.

James A. Teilborg
Senior United States District Judge