**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Dewayne Outley, Jr., | No. CV-19-00019-PHX-JAT (JFM) |
| Plaintiff, | **ORDER** |
| v. | |
| Sylvia Moir, et al., | |
| Defendants. | |

Pending before the Court is a Report and Recommendation ("R&R") (Doc. 79) from Magistrate Judge Metcalf to which Plaintiff objected, (Doc. 85), and Defendants objected, (Doc. 87).

## I.    BACKGROUND

On January 2, 2019, Plaintiff filed his original Complaint (Doc. 1). On screening the original Complaint, the Court dismissed several Defendants for failure to state a claim against them. (Doc. 5). Plaintiff filed the First Amended Complaint (Doc. 12), and on screening, the Court found that Plaintiff adequately stated claims for excessive force, failure to intervene, and denial of medical care. (Doc. 13). The Court further found that Plaintiff failed to adequately state his other claims. (*Id.*). The Court then stayed the case on September 24, 2019, (Doc. 23), and lifted the stay a year later, (Doc. 30). The remaining Defendants then answered. (Doc. 32).

Plaintiff filed a Motion to Amend (Doc. 50) and lodged the Proposed Second Amended Complaint ("PSAC") (Doc. 51). On February 8, 2021, Magistrate Judge Metcalf

1     issued his R&R recommending that the Motion to Amend (Doc. 50) be granted and the

2     PSAC (Doc. 51) be filed. (Doc. 79 at 26). The R&R also recommended the Court dismiss

3     without prejudice the claims in Count 1 of the PSAC on equal protection, policy violations,

4     and denial of medical care except as to Defendant Gaughan, claims in Count 2 on equal

5     protection and invasion of privacy except as to Defendants Doe, Trow, and Moir, claims

6     in Count 3 under the Fourteenth Amendment, and all of Count 4. (*Id.* at 27). The R&R

7     additionally recommended that the defamation claims in Count 3 be dismissed with

8     prejudice and that the Defendants with adequately stated claims against them be ordered to

9     answer the Second Amended Complaint.[1] (*Id.*).

10        Both Plaintiff and Defendants filed objections to the R&R. (Docs. 85, 87).

11    Defendants replied to Plaintiff's objections (Doc. 89) and Plaintiff replied to Defendants'

12    objections (Doc. 90).

13    **II.**    **LEGAL STANDARD**

14        This Court "may accept, reject, or modify, in whole or in part, the findings or

15    recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that

16    the district judge must review the magistrate judge's findings and recommendations *de*

17    *novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114,

18    1121 (9th Cir. 2003) (en banc) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d

19    1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that de novo

20    review of factual and legal issues is required if objections are made, 'but not otherwise.'");

21    *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th

22    Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's]

23    recommendations to which the parties object"). District courts are not required to conduct

---

[1] The R&R ultimately recommends that Defendant Rowan, among others, be dismissed without prejudice. (Doc. 79 at 27). The R&R also states, however, that Plaintiff has adequately stated a claim for failure to intervene against Defendant Rowan. (*Id.* at 11, 24). The Court finds that the ultimate inclusion of Defendant Rowan on the list of Defendants to be dismissed was in error, and that the R&R does not recommend the dismissal of Defendant Rowan. Further, the R&R states the claim against Defendant Rowan is "failure to intervene re vehicle pursuit." (*Id.* at 2). Both parties agree that there was no vehicle pursuit, so the claim is simply for failure to intervene in a use of excessive force. (*See* Docs. 87 at 2 n.1; 90 at 3 n.1).

"any review at all ... of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1) ("[T]he court shall make a de novo determination of those portions of the [report and recommendation] to which objection is made.").

## III.    DISCUSSION

Plaintiff and Defendants objected only to portions of the R&R. The Court will address those specific objections but adopts the remainder of the R&R without review. Plaintiff objects to the R&R's determination that all of Count 4 be dismissed without prejudice. (Doc. 85). Defendants object to the R&R's findings that the PSAC sufficiently alleges an excessive force claim against Defendant Blair and that the PSAC sufficiently alleges a Due Process violation against Defendant Trow. (Doc. 87). The Court will analyze each objection in turn.

### a.    Count 4, Deprivation of Property

Plaintiff objects to the R&R's recommendation that all of Count 4, claiming a deprivation of property in violation of the Fifth and Fourteenth Amendments and state law, be dismissed without prejudice. (Doc. 85 at 1). Magistrate Judge Metcalf determined that Plaintiff had not exhausted his state remedies, so the federal claims in Count 4 should be dismissed, and that the Court should not exercise supplemental jurisdiction over the state claims because they relate "to a separate timeline and series of events" from Plaintiff's other claims. (Doc. 79 at 22–24). Plaintiff asserts that he has exhausted his state remedies through his criminal proceeding and was told his property claim was "now a civil issue," and that the Court should exercise supplemental jurisdiction over his state claims because they relate to his claims arising from his arrest and prosecution. (Doc. 85 at 2–3).

Plaintiff argues that an officer of the Tempe Police Department violated his Fifth Amendment and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983 and violated his rights under state law when the officer refused release Plaintiff's personal property without proof of ownership. (Doc. 51 at 19). At the time of Plaintiff's arrest, the Tempe Police Department seized Plaintiff's property. (Doc. 51 at 19). Plaintiff states that, during

his criminal case, the Maricopa County Superior Court ordered the release of Plaintiff's property that was not evidence in the case. (*Id.*). Plaintiff argues that he was deprived of his rights when his "private investigator" attempted to acquire his property but a Tempe Police Department officer refused to release the property in violation of department policy. (*Id.*). The Court will first examine Plaintiff's federal claims.

### 1.    Federal Claims

Section 1983 can provide a party with a due process claim for the deprivation of property at the hands of state actors. *See Ortiz v. Thomas*, No. CV09-1048-PHX-MHMJRI, 2009 WL 1856629, at *3 (D. Ariz. June 29, 2009). If a state offers adequate post-deprivation remedies, however, § 1983 does not provide a remedy until those adequate state remedies are exhausted. *Parratt v. Taylor*, 451 U.S. 527, 543–44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *Guillen v. Thompson*, No. CV08-1279-PHX-MHMLOA, 2008 WL 5331915, at *6 (D. Ariz. Dec. 19, 2008). A post-deprivation remedy is the only adequate remedy when the deprivation of property occurs through the random or unauthorized conduct of a state employee. *See Skinner v. Arizona Dep't of Corr.*, No. CV091363PHXSMMLOA, 2009 WL 10695439, at *3 (D. Ariz. Aug. 18, 2009), *aff'd*, 399 F. App'x 265 (9th Cir. 2010). "Thus, the availability of an adequate state post-deprivation remedy, such as a state tort action, for unauthorized deprivations precludes a claim for violation of due process." *Ortiz*, 2009 WL 1856629, at *3 (citing *King v. Massarweh*, 782 F.2d 825, 826 (9th Cir. 1986)); *see Knick v. Twp. of Scott, Pennsylvania*, 139 S. Ct. 2162, 2167 (2019) ("[A] property owner whose property has been taken by a local government has not suffered a violation of his Fifth Amendment rights—and thus cannot bring a federal takings claim in federal court—until a state court has denied his claim for just compensation under state law.").

Here, Plaintiff has not exhausted his state remedies. Plaintiff claims that the deprivation at issue was caused by a Tempe Police Officer acting in violation of Tempe Police Department policy. (*See* Doc. 51 at 19). Arizona provides relevant post-deprivation remedies via suit for eminent domain, conversion, and/or replevin against public entities

and their employees. *See* Ariz. Rev. Stat. § 12-821 et seq. (claims against public entities and employees); Ariz. Rev. Stat. § 12-1131 et seq. (eminent domain); Ariz. Rev. Stat. § 12-1307 (replevin as remedy for conversion); *Howland v. State*, 818 P.2d 1169, 1173 (Ariz. Ct. App. 1991) (right to sue government and, in some circumstances, employees, for conversion). Thus, a post-deprivation state tort action would be an adequate remedy here. *See Ortiz*, 2009 WL 1856629, at *3.

Plaintiff has not argued that he has brought any such state tort action, and there is no evidence of him doing so. Plaintiff instead obtained orders for the release of his property in criminal court. Plaintiff asserts that a Tempe Police Officer did not comply with these orders, but he did not seek compensatory remedies for this lack of compliance or provide a reason why compensatory remedies were not available. (*See* Doc. 85). Because he has not exhausted his state remedies, Plaintiff's claims are not ripe for consideration by this Court. *See Ortiz,* 2009 WL 1856629, at *3 (finding that plaintiff did not have a § 1983 claim for deprivation of property because he had not exhausted state tort remedies).

## 2.     State Law Claims

Because Plaintiff's § 1983 claims are not ripe for this Court to consider, the only remaining claims under Count 4 are Plaintiff's state law claims for deprivation of property. 28 U.S.C. § 1367 grants federal courts supplemental jurisdiction over state law claims that "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." § 1367(a). Section 1367 further provides:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

§ 1367(c). District courts may also decline to exercise jurisdiction over supplemental state law claims "in the interest of judicial economy, convenience, fairness and comity." *Smith v. Lenches*, 263 F.3d 972, 977 (9th Cir. 2001); *Johnson v. City of Phoenix*, No. CIV-08-170-PHX-MHB, 2009 WL 10673418, at *2 (D. Ariz. Feb. 18, 2009).

Even if § 1367 gives this Court the ability to assert supplemental jurisdiction over the state law claims in Count 4, the Court agrees with the R&R that dismissal of the claims without prejudice is appropriate. Because Plaintiff's post-deprivation remedies must be exhausted in state court before he can present his § 1983 claims to this Court, there are other compelling reasons to decline to exercise supplemental jurisdiction over Plaintiff's state law claims. *See Penaloza v. City of Rialto*, No. 5:19-CV-01642-SVW-SP, 2020 WL 1156406, at *1 (C.D. Cal. Mar. 10, 2020) (declining to exercise supplemental jurisdiction for "other compelling reasons"). Further, while the claims in Counts 1–3 relate to Plaintiff's arrest and prosecution, the claims in Count 4 did not arise until Plaintiff's private investigator was denied access to his property. Thus, they involve a different timeline and wholly separate facts which would require additional discovery and impede judicial economy. *See Toro v. Centene Corp.*, No. 19-CV-05163-LHK, 2020 WL 1643861, at *6 (N.D. Cal. Apr. 2, 2020) (declining to exercise supplemental jurisdiction over state law claims, even if they and federal claims arose from a common nucleus of fact, because the state law claims involved a different timeline and wholly separate facts).

### 3.    Count 4 Conclusion

Because Plaintiff has not exhausted his post-deprivation remedies in state court, his § 1983 claims are not ripe for consideration by this Court and will be dismissed. Further, the Court will decline to exercise supplemental jurisdiction over the claims asserted in Count 4. Thus, the Court agrees with the R&R that all of Count 4 should be dismissed without prejudice.

### b.    Excessive Force Claim Against Defendant Blair

Defendants object to the R&R's recommendation that the PSAC adequately states an excessive force claim against Defendant Blair. (Doc. 87 at 2–3). Magistrate Judge

1    Metcalf determined that the claim against Defendant Blair was adequately stated because
2    Plaintiff alleged that Defendant Blair directed Defendant Robinson to taser Plaintiff despite
3    the lack of threat from Plaintiff. (Doc. 79 at 9). Defendants argue the R&R's
4    recommendation improperly relied on *Rodriguez v. Cty. of Los Angeles*, 891 F.3d 776, 798
5    (9th Cir. 2018), because *Rodriguez* involved supervisory liability, and Defendant Blair was
6    not Defendant Robinson's supervisor nor does the PSAC allege that Defendant Blair
7    occupied a supervisory position. (Doc. 87 at 2–3).

8           42 U.S.C. § 1983 states that any person who, under color of state law, "subjects, *or*
9    *causes to be subjected*, any citizen of the United States or other person within the
10   jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by
11   the Constitution and laws, shall be liable to the party injured in an action at law, suit in
12   equity, or other proper proceeding for redress." (emphasis added). A party who "causes" a
13   citizen to be subjected to a constitutional deprivation is also liable for that constitutional
14   deprivation. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "The requisite causal
15   connection can be established not only by some kind of direct personal participation in the
16   deprivation, but also by setting in motion a series of acts by others which the actor knows
17   or reasonably should know would cause others to inflict the constitutional injury." *Id.* at
18   743–44. While this standard is often used to impose liability on supervisors for the acts of
19   their subordinates, "an official with no official authority over another actor can also be
20   liable for that actor's conduct if he induces that actor to violate a third party's constitutional
21   rights, provided that the official possesses the requisite intent." *Lacey v. Maricopa Cty.*,
22   693 F.3d 896, 916 (9th Cir. 2012); *Najarro v. Cty. of San Diego*, No. 20-CV-1394 W
23   (WVG), 2021 WL 1056586, at *2 (S.D. Cal. Mar. 19, 2021); *Holshouser v. Cty. of Modoc*,
24   No. 2:14-CV-2552 CKD, 2015 WL 10381707, at *3 (E.D. Cal. Oct. 1, 2015).

25          It is true that *Rodriguez* involved supervisory liability. *Rodriguez*, 891 F.3d at 798.
26   However, the portion cited in the R&R explained that supervisory defendants could be
27   liable for injuries sustained by a plaintiff not simply because they are supervisors, but
28   because they "set[] in motion a series of acts by others." (Doc. 79 at 9 (citing *Rodriguez*,

- 7 -

891 F.3d at 798)). A party who sets in motion a series of acts by others that harms a plaintiff's constitutional rights can be liable for that harm, even if that party is not in a supervisory position. *See Lacey*, 693 F.3d at 916.

Here, Plaintiff alleges that Defendant Blair, by telling Defendant Robinson to tase Plaintiff, set in motion acts that violated Plaintiff's constitutional rights. (Doc. 51 at 8). Plaintiff further alleges the use of the taser by Defendant Robinson was an excessive use of force, and that Blair knew it was an excessive use of force because Defendant Blair knew Plaintiff "did not pose any immediate threat." (*Id.*).[2] Thus, the Court agrees with the R&R that Plaintiff has adequately stated an excessive force claim against Defendant Blair. *See Gonzalez v. Immigr. & Customs Enf't*, No. CV1304416BROFFMX, 2014 WL 12605368, at *5 (C.D. Cal. July 28, 2014) (finding that injury caused by non-subordinate was traceable to third party who set actions in motion); *Najarro*, 2021 WL 1056586, at *3 (holding that defendants did not need to be supervisors to bear liability for harm done by officers they directed).

### c.    Due Process Claim Against Defendant Trow

Defendants object to the R&R's recommendation that the PSAC adequately states a Fourteenth Amendment claim against Defendant Trow. (Doc. 87 at 3–5). Magistrate Judge Metcalf determined that the claim against Defendant Trow was adequately stated because Plaintiff alleged that Defendant Trow "submitted publicly available reports that included references to and misrepresentations about Plaintiff's juvenile sex offense." (Doc. 79 at 11–12). The R&R goes on to state that "[t]he Court has already concluded that the public disclosure of Plaintiff's *juvenile* offense could amount to a Fourteenth Amendment privacy violation." (*Id.* at 13 (citing Doc. 13 at 9)). Defendants argue that Defendant Trow is entitled to qualified immunity and should be dismissed because the law in this area is unclear. (Doc. 87 at 4–5).

"The doctrine of qualified immunity protects government officials 'from liability

---

[2] Defendants do not object to the R&R's determination that Plaintiff successfully stated a claim against Defendant Robinson for use of excessive force. Defendants simply object to Defendant Blair's inclusion in the excessive force claim. Thus, the Court will not analyze the adequacy of the underlying excessive force claim.

1    for civil damages insofar as their conduct does not violate clearly established statutory or
2    constitutional rights of which a reasonable person would have known.'" *Pearson v.*
3    *Callahan*, 555 U.S. 223, 231 (2009); *see Monzon v. City of Murrieta*, 978 F.3d 1150, 1156
4    (9th Cir. 2020). Then, when analyzing qualified immunity, a court must determine whether:
5    "(1) the facts adduced constitute the violation of a constitutional right; and (2) the
6    constitutional right was clearly established at the time of the alleged violation." *Mitchell v.*
7    *Washington*, 818 F.3d 436, 443 (9th Cir. 2016) (quoting *Pearson*, 555 U.S. at 232).
8    Questions of qualified immunity should be resolved "at the earliest possible stage in
9    litigation." *Pearson*, 555 U.S. at 231.

10         Here, Plaintiff alleges that his constitutional right to privacy was violated by
11   Defendant Trow when Trow published a police report and a "probable cause report" which
12   disclosed information about Plaintiff's juvenile criminal record. (Doc. 51 at 12). Thus, to
13   overcome a defense of qualified immunity, Defendant Trow's alleged actions must
14   constitute a violation of Plaintiff's constitutional right to privacy in his juvenile criminal
15   record, and that constitutional right must have been clearly established at the time of the
16   alleged violation.

17         Courts in this circuit have recognized that the disclosure of certain sensitive personal
18   information to third parties may be entitled to protection. *See In re Crawford*, 194 F.3d
19   954, 958 (9th Cir. 1999) ("[T]he indiscriminate public disclosure of [social security
20   numbers], especially when accompanied by names and addresses, may implicate the
21   constitutional right to informational privacy."); *Doe v. Cty. of San Diego*, 445 F. Supp. 3d
22   957, 967 (S.D. Cal. 2020) (finding that private information held by police regarding the
23   sexual assault of a minor was entitled to constitutional protection); *see also Thorne v. City*
24   *of El Segundo*, 726 F.2d 459, 468 (9th Cir. 1983) (federal law prohibits police department
25   from questioning applicants' about constitutionally protected private conduct like sexual
26   history during a polygraph test). The Ninth Circuit, however, has held that there is no
27   clearly established constitutional right to privacy in one's juvenile criminal record. *See*
28   *Rigsby v. Cty. of Los Angeles*, 531 F. App'x 811, 812 (9th Cir. 2013) (holding that there is

- 9 -

no clearly established constitutional "right to privacy" for juvenile records even when disclosed to third parties); *Nunes v. Arata, Swingle, Van Egmond & Goodwin (PLC)*, 983 F.3d 1108, 1114 (9th Cir. 2020) (finding no clearly established constitutional right to privacy in juvenile records at time of defendant's conduct).

Because there is no clearly established constitutional privacy right in juvenile records, even assuming arguendo that Defendant Trow violated Plaintiff's constitutional right to privacy, Defendant Trow is entitled to qualified immunity and the due process claim against him should be dismissed. *See Rigsby v. Cty. of Los Angeles*, No. CV1102766SJOPJWX, 2011 WL 13143544, at *5–*6 (C.D. Cal. Aug. 2, 2011), *aff'd*, 531 F. App'x 811 (9th Cir. 2013) (granting qualified immunity to government officials who included plaintiff's juvenile records on a report disclosed to third parties because there was no clearly established constitutional right to privacy in juvenile records); *A.C. v. Cortez*, 398 F. Supp. 3d 748, 753 (S.D. Cal. 2019) (granting qualified immunity to attorneys who accessed plaintiff's juvenile records because there was no clearly established constitutional right to privacy in juvenile records).

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** that the Report and Recommendation (Doc. 79) is **ACCEPTED AS MODIFIED** above.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend (Doc. 50) is **GRANTED**.

**IT IS FURTHER ORDERED** directing the Clerk's Office to file Plaintiff's Proposed Second Amended Complaint (lodged at Doc. 51).

**IT IS FURTHER ORDERED** that the following portions of the Second Amended Complaint are **DISMISSED WITHOUT PREJUDICE**:

(1) Claims in Count 1 on equal protection, policy violations, and except as to Defendant Gaughan, denial of medical care;

(2) Claims in Count 2 on invasion of privacy against Defendants other than

Defendants Doe and Moir, and the claims on equal protection;

(3) Claims in Count 3 under the Fourteenth Amendment; and

(4) All of Count 4.

**IT IS FURTHER ORDERED** that the defamation claims in Count 3 of the Second Amended Complaint are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendants Gibson, Hanson, Trader, Giltinan, Jordan, Lomeli, Trow, and Buckley be **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendants Moir, Kracjer, Robinson, Rowan, Gaughan, Blair and Doe are required to answer the Second Amended Complaint.

**IT IS FURTHER ORDERED** that Plaintiff has 14 days from the filing of this order to file a notice of substitution identifying Doe, and if he fails to do so Defendant Doe will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that Defendant Blair be served as follows:

(1) The Clerk of Court must send Plaintiff a service packet including the Second Amended Complaint, this Order, and both summons and request for waiver forms for Blair.

(2) Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of the filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(3) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Second Amended Complaint on a Defendant within 90 days of the filing of the Second Amended Complaint, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m).

(4) The United States Marshal must retain the Summons, a copy of the Second Amended Complaint, and a copy of this Order for future use.

(5) The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of

this Order. The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    a. personally serve copies of the Summons, Second Amended Complaint, and this Order upon Defendant pursuant to Federal Rule of Civil Procedure 4(e)(2); and

    b. within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Second Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Federal Rule of Civil Procedure 4(d)(2), unless otherwise ordered by the Court.

(6) A Defendant who agrees to waive service of the Summons and Second Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.

**IT IS FURTHER ORDERED** that any answer, response, or brief must state the specific Defendant by name on whose behalf it is filed, and the Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

Dated this 21st day of May, 2021.

James A. Teilborg
Senior United States District Judge

- 12 -