**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Dewayne Outley, Jr., | No. CV-19-00019-PHX-JAT (JFM) |
| Plaintiff, | **ORDER** |
| v. | |
| Sylvia Moir, et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion for Reconsideration (Doc. 112). The Court now rules.

**I.    BACKGROUND**

On January 2, 2019, Plaintiff filed his original Complaint (Doc. 1). On screening the original Complaint, the Court dismissed several Defendants for failure to state a claim against them. (Doc. 5). Plaintiff filed the First Amended Complaint (Doc. 12), and on screening, the Court found that Plaintiff adequately stated some of his alleged claims and failed to state others. (Doc. 13). The Court then stayed the case on September 24, 2019, (Doc. 23), and lifted the stay a year later, (Doc. 30). The remaining Defendants then answered. (Doc. 32).

Plaintiff filed a Motion to Amend (Doc. 50) and lodged the Proposed Second Amended Complaint (the "PSAC") (Doc. 51). Magistrate Judge Metcalf issued a Report and Recommendation ("R&R") recommending that the Motion to Amend (Doc. 50) be granted and the PSAC (Doc. 51) be filed. (Doc. 79). The R&R also recommended the Court

dismiss some of the claims in the PSAC. (*Id.*). Both Plaintiff and Defendants filed objections to the R&R (Docs. 85, 87) and responses to the other parties' objections (Docs. 89, 90).

On May 21, 2021, the Court ordered that the R&R was accepted as modified by the Order and granted Plaintiff's motion to amend. (Doc. 110). The Court dismissed Plaintiff's claims in Count 1 on equal protection, policy violations, and, except as to Defendant Gaughan, denial of medical care, claims in Count 2 on invasion of privacy against Defendants other than Defendants Doe and Moir, and the claims on equal protection, claims in Count 3 under the Fourteenth Amendment and those alleging defamation, and all of Count 4. (*Id.*).

Plaintiff then filed the instant Motion for Reconsideration (Doc. 112) arguing that the Court erred when it dismissed the claims against Defendant Trow asserted in Count 2. (Doc. 112). Because the Court has not ordered a response, under Arizona Local Rule of Civil Procedure 7.2(g), Defendants may not respond. LRCiv 7.2(g)(2).

## II.     LEGAL STANDARD

District of Arizona Local Rule of Civil Procedure 7.2(g) governs motions for reconsideration. It provides:

> The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence. Any such motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order. No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order. Failure to comply with this subsection may be grounds for denial of the motion.

LRCiv 7.2(g)(1). Manifest error under LRCiv 7.2(g)(1) is "error that is plain and indisputable . . . that amounts to a complete disregard of the controlling law or the credible

evidence in the record." *Estrada v. Bashas' Inc.*, No. CV-02-00591-PHX-RCB, 2014 WL 1319189, at *1 (D. Ariz. Apr. 1, 2014) (quoting *Black's Law Dictionary* 622 (9th ed. 2009)).

Further, mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Motions for reconsideration are disfavored and should be granted only in rare circumstances." *Morgal v. Maricopa Cty. Bd. of Sup'rs*, No. CIV 07-0670-PHX-RCB, 2012 WL 2368478, at *1 (D. Ariz. June 21, 2012).

## III. ANALYSIS

In the Motion for Reconsideration, Plaintiff Argues that "the Court has improperly granted qualified immunity to Defendant Trow" because clearly established law gives an individual a right to privacy in juvenile criminal records for a sex offense. (Doc. 112). To support this proposition, Plaintiff cites *Doe v. Cty. of San Diego*, 445 F. Supp. 3d 957, 967 (S.D. Cal. 2020). (*Id.* at 2). *Doe v. Cty. of San Diego*, however, is distinguishable from the instant case because it involved the right to privacy a minor victim had in her information collected by law enforcement while investigating the crime committed against her. *Doe v. Cty. of San Diego*, 445 F. Supp. 3d at 960, 966–967. Here, the information at issue is not that of a minor victim, but a juvenile criminal record which does not carry the same clearly established privacy rights. *See Rigsby v. Cty. of Los Angeles*, 531 F. App'x 811, 812 (9th Cir. 2013) (holding that there is no clearly established constitutional "right to privacy" for juvenile records even when disclosed to third parties); *Nunes v. Arata, Swingle, Van Egmond & Goodwin (PLC)*, 983 F.3d 1108, 1114 (9th Cir. 2020) (finding no clearly established constitutional right to privacy in juvenile records at time of defendant's conduct).

Plaintiff's remaining arguments echo those made in his response to Defendants'

objections to the Report and Recommendation. (*See* Doc. 90 at 3–7). As such, they do not present this Court with new law or facts to consider, but simply convey Plaintiff's disagreement with the Court's May 21, 2021 Order. Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong*, 689 F. Supp. at 1573 Further, the Court addressed *Doe v. Cty. of San Diego* in the order Plaintiff wishes to have reconsidered and found that it did not stand for the proposition that Plaintiff now asserts. (*See* Doc. 110 at 9). As such, Plaintiff has made no showing of manifest error, new facts, or legal authority to persuade this Court to grant his Motion for Reconsideration.

IV. **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 112) is **DENIED**.

Dated this 28th day of June, 2021.

James A. Teilborg
Senior United States District Judge