1
2
3
4
5
6                    **IN THE UNITED STATES DISTRICT COURT**
7                       **FOR THE DISTRICT OF ARIZONA**
8
9     Michael Dewayne Outley, Jr.,                    No. CV-19-00019-PHX-JAT (JFM)
10                    Plaintiff,                       **ORDER**
11    v.
12    Sylvia Moir, et al.,
13                    Defendants.
14
15         Pending before the Court is the report and recommendation from Magistrate Judge
16    Metcalf recommending that Defendant Blair be dismissed for failure to timely serve.  (Doc.
17    137).   The time to file objections to the report and recommendation has expired and no
18    party filed objections.
19         A district court's review of a Magistrate Judge's report and recommendation turns
20    on whether the parties have timely objected. Fed. R. Civ. P. 72(b). It is "clear that the
21    district judge must review the magistrate judge's findings and recommendations *de novo if*
22    *objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121
23    (9th Cir. 2003) (en banc) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d
24    1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that de novo
25    review of factual and legal issues is required if objections are made, 'but not otherwise.'");
26    *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th
27    Cir. 2009) (The district court "must review *de novo* the portions of the [Magistrate Judge's]
28    recommendations to which the parties object."). District courts are not required to conduct

"any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1) ("[T]he court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").[1] "Failure to make timely objection to the magistrate [judge]'s report prior to its adoption by the district judge may constitute a waiver of appellate review of the district judge's order." Fed. R. Civ. P. 72(b), NOTES OF ADVISORY COMMITTEE ON RULES—1983, *citing United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

There being no objections, the Court accepts the report and recommendation.  *See* 28 U.S.C. § 636(b)(1) ("A [district court judge] may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").  Accordingly,

**IT IS ORDERED** that the Report and Recommendation (Doc. 137) is accepted. Defendant Blair is dismissed, without prejudice.

Dated this 5th day of October, 2021.

_____
James A. Teilborg
Senior United States District Judge

---

[1] The Court notes that the Notes of the Advisory Committee on Rules appear to suggest a clear error standard of review under Federal Rule of Civil Procedure 72(b), *citing Campbell*. Fed. R. Civ. P. 72(b), NOTES OF ADVISORY COMMITTEE ON RULES—1983 *citing Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879 (The court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). The court in *Campbell*, however, appears to delineate a standard of review specific to magistrate judge findings in the motion to suppress context. *See Campbell*, 501 F.2d at 206–207. As such, this Court follows the Ninth Circuit's more recent decision in *Reyna-Tapia* on this issue.