**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Dewayne Outley, Jr., | No. CV-19-00019-PHX-JAT (JFM) |
| Plaintiff, | **ORDER** |
| v. | |
| Sylvia Moir, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion for Reconsideration (Doc. 141) of this Court's Order (Doc. 122) denying reconsideration of its previous Order (Doc. 110). The Court now rules.

**I.    DISCUSSION**

On February 8, 2021, Magistrate Judge Metcalf recommended that, among other things, some of Plaintiff's claims in his second amended complaint should be dismissed. (Doc. 79). Judge Metcalf concluded that Plaintiff's claims should be dismissed as to Count 1 on equal protection, policy violations, and except as to Defendant Gaughan, denial of medical care, claims in Count 2 on invasion of privacy against Defendants other than Defendants Doe and Moir, and the claims on equal protection, claims in Count 3 under the Fourteenth Amendment and those alleging defamation, and all of Count 4. (*Id.*). On May 21, 2021, the Court adopted the Report and Recommendation. (Doc. 110).

On June 1, 2021, Plaintiff filed a Motion for Reconsideration, (Doc. 112), arguing that the Court erred when it dismissed the claims against Defendant Trow asserted in

Count 2. In a June 28, 2021 Order, the Court denied the Motion, finding that Plaintiff failed to make a "showing of manifest error, new facts, or legal authority to persuade this Court to grant his Motion for Reconsideration." (Doc. 122 at 4).

Plaintiff has now filed another Motion for Reconsideration challenging this Court's Order. (Doc. 141). Specifically, he argues that newly discovered facts and authority support his argument and justify reversal. (*Id.* at 3). For the reasons below, the Motion is denied.

## II. LEGAL STANDARD & ANALYSIS

District of Arizona Local Rule of Civil Procedure 7.2(g) governs motions for reconsideration. Motions for reconsideration should be granted only in rare circumstances. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). "The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv. 7.2(g)(1). Manifest error is "error that is plain and indisputable . . . that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Estrada v. Bashas' Inc.*, No. CV-02-00591-PHX-RCB, 2014 WL 1319189, at *1 (D. Ariz. Apr. 1, 2014) (quoting Black's Law Dictionary 622 (9th ed. 2009)).

"Absent good cause shown, any motion for reconsideration shall be filed no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion." LRCiv. 7.2(g)(2). The good cause standard primarily considers the diligence of the party filing the untimely motion. *See Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992).

Here, Plaintiff's motion is untimely. He filed his motion for reconsideration on October 18, 2021, more than three months after the Court issued its June 28, 2021 Order (Doc. 122). This is well beyond the fourteen-day deadline set out in the local rules. Therefore, Plaintiff must show good cause for his late filing to have his motion for reconsideration considered by the Court.

Plaintiff has not shown good cause for delay. He argues that reconsideration is warranted as he has discovered new facts and authority. (Doc. 141 at 3). Yet Plaintiff's facts and authority are not "new," but rather cases that he discovered that could have been discussed in earlier briefing. (*Id.*). Plaintiff's motion will be denied as untimely.

In addition to being untimely, a second motion for reconsideration is procedurally improper. *See Moore v. Garnand*, No. CV-19-00290-TUC-RM (LAB), 2020 U.S. Dist. LEXIS 129453 (D. Ariz. July 21, 2020); *Lopez v. Bollweg*, No. CV 13-00691-TUC-DCB, 2017 WL 4677851, at *3 (D. Ariz. Aug. 28, 2017) ("filing a successive motion for reconsideration with the same unsuccessful arguments wastes valuable Court resources"). The Local Rules do not provide that a party can file multiple motions for reconsideration of the same order. As Plaintiff has not provided a reason that would make reconsideration appropriate, his motion is improper.

### III.   CONCLUSION

Accordingly,

**IT IS ORDERED** withdrawing the reference to the Magistrate Judge as to the Plaintiff's motion for reconsideration (Doc. 141).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 141) is **denied**.

Dated this 23rd day of November, 2021.

James A. Teilborg
Senior United States District Judge